UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| WILLIAM W. ALDEN, M.D. | CIVIL ACTION |
| v. | NO. 17-4704 |
| JOHN K. EASON, ESQ. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

**Background**

This defamation case, by a physician, arises out of a YouTube video posted online by a law professor, in which the professor states that the physician was a porn actor when he was a student at Princeton University and that the physician had been blacklisted by a medical association.

John Eason, a law professor and an attorney, and his wife, Janelle Eason, sold their house located on the Northshore of New Orleans to Ashley Steele, who is married to William Alden, M.D. Sometime after the sale, Ms. Steele allegedly discovered numerous redhibitory defects in the house. As a result, Ms. Steele sued the

1

Easons in civil district court in New Orleans. Shortly after the redhibition suit was filed in 2014, Mr. Eason and his wife wrote a letter to Dr. Alden and Ms. Steele.

In the letter, the Easons demanded that the lawsuit be immediately dismissed and that Dr. Alden pay $9,350 or that "consequences would follow." When neither demand was met, Mr. Eason posted a video of himself on YouTube in which he spoke about Dr. Alden's character and reputation.

On July 27, 2016, Dr. Alden sued Mr. Eason in the Civil District Court for the Parish of Orleans. On May 4, 2017, Mr. Eason timely removed the suit to this Court, invoking the Court's diversity jurisdiction. Because it is common for prospective patients to Google search a doctor's name before seeking treatment, Dr. Alden alleges that he suffered harm to his personal and professional reputation, loss of business income, and loss of the respect of patients who left his practice after viewing the video. Dr. Alden now requests that the Court remand his defamation lawsuit to state court.

I.

A.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of

this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied,* 510 U.S. 868 (1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed "and any doubt as to the propriety of removal must be resolved in favor of remand." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008)(citation omitted); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007)(citations omitted).

*B.*

Federal courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case – that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must

exceed $75,000. See 28 U.S.C. § 1332. The only dispute here is whether or not the amount-in-controversy requirement is met.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). Louisiana law requires that a plaintiff include "no specific amount of damages" in his prayer for relief. LA. CODE CIV. PRO. art. 893.[1]

When the plaintiff has alleged an indeterminate amount of damages, as here, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceeded $75,000 or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171

---

[1] "[I]f a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required." LA. CODE CIV. PRO. art. 893.

F.3d 295, 298 (5th Cir. 1999). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant cannot show that the amount in controversy is facially apparent, he may be able to "set[] forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." Luckett, 171 F.3d at 298. If the petition is ambiguous as to whether the alleged damages meet the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. Associación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Química de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by* Marathon Oil Co. v. Ruhgras, 145 F.3d 211, 214 (5th Cir. 1998), *rev'd on other grounds* 526 U.S. 574 (1999).

If the removing party satisfies his burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995); see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S.

5

283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

II.

Dr. Alden urges remand is mandated because the amount-in-controversy requirement is not met. Mr. Eason contends that, at the time of removal, it was facially apparent from the plaintiff's discovery responses that his claims, if proven at trial, would exceed $75,000 in value. But this Court finds that it is not facially apparent from the plaintiff's state court petition that he seeks monetary damages in excess of $75,000. Although the plaintiff seeks to recover several types of damages, unlike a plaintiff seeking to recover for permanent disability, there is nothing concrete indicating that plaintiff's damages are likely to be more than $75,000, and, in fact, plaintiff has made a binding judicial admission that his claim is indeed worth less than $75,000.

Because it is not facially apparent from the plaintiff's state court petition that he seeks monetary damages in excess of $75,000, the Court considers whether the evidence in the record supports a finding that the plaintiff's damages exceed the jurisdictional threshold. The defendant avers that the amount-in-controversy requirement is met because the plaintiff alleged a 30% loss of patients in his sworn discovery responses. According to the defendant, these sworn discovery responses support a finding that the plaintiff's business losses exceed $90,000, thus surpassing the jurisdictional minimum. Although the defendant claims that the plaintiff's answers suggest a drop of 30% from the $300,000 that he was earning before the publication of the allegedly defamatory video, there is no evidence in the record to establish that the plaintiff was personally earning $300,000 before the video was posted, or that a 30% decrease in patient visits translates into a 30% decrease in revenue. According to Dr. Alden, more than 90% of his income is derived not from the patients he sees, but, rather, from his position as medical director.[2] Thus, the defendant has failed to show, by a preponderance of the evidence, that the plaintiff's business losses exceed $75,000. While the defendant

---

[2] Indeed, the plaintiff suggests that the evidence invoked by the defendant actually shows only a loss of $5,940 in business income suffered by Crescent City Medical Services, Inc., a non-party in this case.

also asserts that the plaintiff's general damages push his defamation claim over the jurisdictional threshold, there is no evidence in the record to support that contention. The defendant's generic argument that defamation plaintiffs generally recover $35,000 to $55,000 fails to persuade the Court that the amount in controversy in this case exceeds $75,000. Mere conclusions fall short of meeting the burden to show the amount in controversy; the amount in controversy remains ambiguous.

The Court expresses no opinion on the merits of Alden's claim against Eason but merely finds that the removing defendant has not carried his heavy burden in showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[3] Because the defendant has not met his burden, the Court need not consider whether the plaintiff has made a showing that he will not collect more than $75,000 to a legal certainty.[4]

---

[3] The Court notes that if the amount in controversy actually exceeds $75,000, the defendant will have the opportunity to remove the case after it receives a document from which it can first ascertain that the case has become removable. 28 U.S.C. § 1446(b)(3).

[4] Accompanying the plaintiff's motion to remand is a Stipulation in which he states that he "do[es] not assert damages . . . in excess of $75,000.00, exclusive of interest, costs, and attorney's fees." The defendant disputes whether this Court can consider the stipulation, noting that the plaintiff submitted it for the first time with his motion to remand, and not with his petition. It is suspect, the defendant insists, that the plaintiff failed to submit this stipulation before removal. Putting aside whether this stipulation is helpful, and contrary to the defendant's contention, the Court may consider post-removal stipulations for

Accordingly, because this Court lacks diversity jurisdiction, the plaintiff's motion to remand is GRANTED. The case is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, June 19, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

limited purposes in determining the amount in controversy where, as in this case, the petition is ambiguous concerning the amount in controversy at the time of removal. ANPAC, F.2d at 565. Of course, if later it is established that the plaintiff's Stipulation is indeed a ruse for forum manipulation, rather than a true renunciation of damages exceeding $75,000, this Court will consider whether the imposition of sanctions is warranted, bearing in mind the nature of plaintiff's binding judicial admission before this Court, and the ethics of doing so.